[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case comes before the court on the plaintiff's objection to motion of defendant Joseph Suchecki to amend his answer to assert a counterclaim.
The plaintiff asserts that the amendment cannot be allowed because the cause of action that the defendant seeks to raise in his counterclaim is barred by the statute of limitation. The plaintiff characterizes this objection as jurisdictional, in that he takes the position that the court lacks subject matter jurisdiction to hear a counterclaim as to which the limitation period has passed.
The rule of practice that governs the granting of amendments after an initial pleading is § 176 P.B. That section provides that the court "may restrain such amendments so far as may be necessary to compel the parties to join issue in a reasonable time for trial." No mention is made in the rule of a court's discretion to deny an amendment because it is subject to a defense such as the statute of limitation.
The appellate courts have ruled that the factors to be considered in passing on a motion to amend where the trial is not in progress are "the length of delay, fairness to the opposing parties and the negligence, if any, of the party offering the amendment." Lo Sacco v. Young, 20 Conn. App. 6, 17 cert. den.213 Conn. 808 (1989), citing Cummings v. General Motors Corp.,146 Conn. 443, 449-50 (1955).
The plaintiff has not cited, and this court has not located, any authority for the approach of granting or denying amendments based on a prediction as to their ability to survive a motion to dismiss, a motion to strike or a motion for summary judgment, which are the motions designated by the rules of practice as the means of raising, respectively, lack of jurisdiction, failure to state a claim upon which relief may be granted, and the merits of a claim where the facts are undisputed.
This case is barely six months old. The amendment sought will not cause appreciable delay in its being reached for trial. Any assaults on the viability of the cause of action that the defendant seeks to raise in his counterclaim may be raised by way of the motions mentioned above.
The danger of disallowing amendments based on the expiration of the statute of limitation is clear, since there are various CT Page 11399 situations in which the limitation period may be tolled, for example, fraudulent concealment. A party seeking leave to amend should be given a full and orderly opportunity to respond to a defense.
The motion for leave to amend the answer is granted; the objection is overruled. By so ruling, the court expresses no opinion as to the viability of the counterclaim but merely allows it to be asserted, leaving it subject to any appropriate motions in future.
Beverly J. Hodgson Judge of the Superior Court